## 50299. WELLS v. THE STATE.

STOLZ, Judge.

At the November 1973 Term of the Superior Court of Ware County, indictment no. 4999 was returned by the grand jury charging the defendant with the offense of armed robbery. This indictment was "nolle prossed" and dismissed on motion of the defendant's counsel in order for the defendant to have a commitment hearing. Indictment no. 4999 did not list the names of Elizabeth Grant or Christine Ford as state's witnesses. At the April Term 1974 the defendant was again indicted for armed robbery. This indictment, no. 5046, listed the names Elizabeth Grant and Christine Ford thereon as state's witnesses. Between the dismissal (nolle prosequi) of the first indictment (4999) and the issuance of the second indictment (5046), a commitment hearing was held and the names on indictment no. 5046 were brought out and the defendant's counsel had knowledge of these witnesses. Prior to arraignment, at a meeting with the assistant district attorney, the defendant's counsel waived formal arraignment, but did not waive a copy of the bill of indictment or a list of witnesses. (These two items were lined out on the indictment form.) Although the record is somewhat unclear, it appears that the defendant's counsel received a copy of indictment no. 4999, the first

indictment, which did not contain the names of the witnesses previously referred to. The record is silent as to any additional effort by the defendant's counsel to obtain the list of witnesses on indictment no. 5046 or by the state to furnish counsel with same. At the trial of the case, the defendant's counsel objected to any testimony by the two witnesses. The trial judge overruled the defendant's counsel's objection, and the case proceeded to trial, resulting in the defendant's being found guilty of robbery by intimidation and sentenced to twenty years in the penitentiary by the jury. *Held:*

The evidence shows that the district attorney, after conferring with the clerk, announced to the court that "they [the clerk] did not give him [defendant's counsel] a copy of the bill of indictment, and so in some way it's been confused." As previously noted, the defendant's counsel did not waive a copy of the list of witnesses to be used or a copy of the bill of indictment. See Code Ann. §§ 2-105, 27-1403 (as amended, Ga. L. 1966, pp. 430, 431). We must, therefore, reverse the conviction and remand the case to the trial court for a new trial.

*Judgment reversed. Deen, P. J., and Evans, J., concur.*

Submitted February 25, 1975 — Decided March 19, 1975.

*Alexis & Douglas, Orin L. Alexis,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.